BROWN, Chief Judge.
|! Defendant, Cedric Clay Walker, was charged by bill of information on May 23, 2012, with resisting a police officer with force or violence, in violation of La. R.S. 14:108.2, and a misdemeanor charge of domestic abuse battery, both of which arose out of a series of events that took place on or around April 25, 2012. Defendant entered a plea of not guilty. Thereafter, on November 12, 2012, defendant withdrew his initial plea and entered a pleas of guilty as part of a plea agreement with the state.[1] On December 5, 2012, defendant was sentenced to two years at hard labor on the resisting charge and six months in the parish jail on the abuse charge, and the sentences were to be served concurrently. Defendant has appealed the hard labor sentence as excessive. We affirm.

Facts

On November 12, 2012, the following facts (which are relevant to defendant’s resisting an officer charge) were read at defendant’s guilty plea proceeding:
On April 25, 2012, ... Deputy Sean McCullough was called out to Mr. Walker’s residence. It was alleged that Mr. Walker was driving carelessly outside that residence when neighbors were outside. [Deputy McCullough] attempted to speak with Mr. Walker on the porch, Mr. Walker then attempted to shut the door on Deputy McCullough. Deputy McCullough then reached in the door to grab a hold of Mr. Walker, the defendant, then Mr. Walker forcefully pushed Deputy McCullough.
The trial court thoroughly advised defendant of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), |2and made a diligent effort to determine his competence, literacy and understanding; the court also read the sentencing exposure for both offenses. Defendant’s guilty pleas were then accepted.[2]
At the sentencing hearing on December 5, 2012, Corporal (Deputy) McCullough testified about his encounter with defendant on April 25, 2012, which formed the basis for defendant’s arrest and conviction for resisting an officer with force. Defendant had two witnesses testify to his good character, and he apologized for his behavior on April 25, 2012, explaining that at the time, he had been an alcoholic under a lot of stress. Defendant also submitted several letters written on his behalf.
While recognizing that defendant has been helping with monetary support and the raising of his cousin’s children, and has a good work history (set forth in a letter written by defendant’s employer) as mitigating factors, the trial court noted the following aggravating factors:
* that defendant was driving drunk (and the officer could have arrested defendant for his fourth [fifth] DWI);
* that this was not defendant’s “first rodeo,” but his 42nd, having been arrested approximately 42 times, some of those for multiples offenses;
*621 * to say that defendant has a bad background is an understatement— “there’s been a lot of drinking and being stupid over the course of almost thirty years ... and there’s just one event after another”;
* defendant has eight prior felony convictions, numerous DWI convictions, and more than 10 acts of aggression toward a law enforcement officer; and
la* defendant could have been adjudicated as a fourth felony offender and exposed to a minimum sentence of 20 years at hard labor.
Because defendant’s prior record was “so incredibly bad,” the judge concluded that defendant had earned a hard labor sentence and sentenced him to two years at hard labor on the resisting an officer conviction and six months in the parish jail on the domestic abuse battery conviction, with these sentences to run concurrently and defendant to be given credit for time served. Defendant’s motion for reconsideration was denied, and this appeal ensued.

Discussion

Defendant contends that his two-year hard labor sentence is unconstitutionally excessive in light of the mitigating factors presented at the sentencing hearing in the testimony of Cynthia Wilkerson and Linda Hicks and the letters submitted on his behalf. The state, however, points to the trial court’s reasons for sentence and written denial of defendant’s motion to reconsider sentence.[3]
14A reviewing court, in determining whether a sentence is excessive, determines whether the trial court considered the criteria set forth in La. C. Cr. P. Art. 894.1, and whether it is violative of La. Const. Art. 1, § 20, which proscribes cruel, unusual and excessive sentences. An excessive sentence is one that is grossly disproportionate to the offense committed or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). Absent a showing of manifest abuse of the trial court’s discretion, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La.App.2d Cir.11/03/10), 55 So.3d 90. In view of the substantial deference that must be accorded the legislature and sentencing courts, a reviewing court rarely will be required to engage in an extended analysis to determine that a sentence is not constitutionally disproportionate, i.e., whether it is grossly out of proportion to the seriousness of the offense.
La. R.S. 14:108.2 (Resisting a Police Officer with Force or Violence) provides a penalty for this crime of a fine of not more than $2,000 and/or imprisonment with or *622 without hard labor for not less than one year and not more than three years.
The record reveals compliance with La. C. Cr. P. Art. 894.1; as noted above, the trial court went through the mitigating and aggravating factors it considered in fashioning the two-year hard labor sentence given to defendant. This midrange sentence for defendant, a 42-time arrestee and |ñ8-time felony offender, is not excessive by constitutional standards. This assignment of error is without merit.

Conclusion

For the reasons set forth above, defendant’s convictions and sentence are AFFIRMED.

. The state dropped three other misdemeanor charges which occurred on April 25, 2012: driving under suspension, simple assault and criminal trespass. The state also agreed not to file a habitual offender bill. There was no agreement about sentencing, however.

. In setting the date for defendant's sentencing hearing, the judge asked defendant whether he would be there on the date of the hearing "ready to go.” In explaining to defendant what he meant by "ready to go,” the judge told defendant, "[Y]ou’ve earned jail time, you understand that? ... [T]he district attorney is not going to file a multiple offender bill against you on this felony conviction ... I will need time to gather a little bit more information about you and your background. ... I will see you December 5th ...”

. In its written reasons for denying defendant's motion to reconsider sentence, the trial court stated:
The Court notes that the criminal history report includes 42 items, many of which are arrests with numerous convictions. More troubling is the fact that the defendant has eight (8) previous felony convictions coupled with numerous (perhaps 5) convictions of driving while intoxicated. The State of Louisiana could have sought a multiple offender adjudication of defendant under R.S. 15:529.1 but, as a consideration of the guilty plea, chose not to do so. The Court could have imposed the maximum sentence under the statute but instead chose the mid sentence range (minimum of one, maximum of three) on the basis, in part, of Ms. Wilkerson and Ms. Hicks. In the overall analysis the pattern of conduct evidences far more than "drinking and acting stupid;" specifically, the instant crime plus extensive criminal history of this defendant warrants at least the term of imprisonment imposed in this case.